## VIBROPLEX CO., Inc., v. J. H. BUNNELL & CO.

(District Court, S. D. New York. June 21, 1926.)

**1. Trade-marks and trade-names and unfair competition ⟷3(1).**

The word "Bug," as applied to telegraph instruments, *held* a descriptive term in common use, and not susceptible of exclusive appropriation.

**2. Trade-marks and trade-names and unfair competition ⟷11.**

When patent expires, name of patented thing becomes publici juris.

In Equity. Action by the Vibroplex Company, Inc., against J. H. Bunnell & Co. Decree for defendant.

Murray Corrington, of New York City, for plaintiff.

Philip Farnsworth, of New York City, for defendant.

WINSLOW, District Judge. This is an action in equity to restrain the defendant from the use of the word "BUG" as applied to telegraphic sending machines. Plaintiff also alleged unfair business competition, but that was withdrawn from consideration. The only material question is the validity of the registered trade-mark.

[1] I am convinced that the evidence justifies the conclusion that the word "BUG," as applied to telegraph instruments, is a generic name in common use, and has been for many years, among operators, to characterize the vibrating horizontal arm for the semiautomatic production of code dots, as distinguished from the Morse key, requiring a separate motion of the operator's hand for each dot. This vibrating or fluttering arm, because of its aptness, probably suggested the name "BUG." In any event, the great preponderance of evidence is to the effect that the word is a descriptive term in common use in the particular calling.

[2] When the patent expired, the name of the patented thing becomes publici juris. Singer v. June, 163 U. S. 169, 16 S. Ct. 1002, 41 L. Ed. 118. I do not think that the word "BUG," as applied to the instrument in question, by itself is now susceptible of exclusive appropriation.

Decree for the defendant.